**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHERIE MANCINI; et al., | No.   17-17357 |
| Plaintiffs-Appellants, | D.C. Nos. 2:17-cv-01340-APG-NJK 2:17-cv-02137-APG-NJK |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 31, 2018[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Cherie Mancini, the removed former-president of Local 1107, Raymond

Garcia, a Local 1107 member, and other members of Local 1107 appeal the denial

of their motions for a preliminary injunction to dissolve the trusteeship imposed by

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants the Service Employees International Union (SEIU) and Luisa Blue, the trustee. This appeal arises from two cases consolidated by the district court, referred to here as *Mancini* and *Garcia*. While we have jurisdiction over the denial of the preliminary injunction in *Mancini*, we lack jurisdiction to address the motion to remand the proceedings to state court in *Garcia* or the motion to reconsider an earlier denial of remand in that case.[1]

1.      The district court did not abuse its discretion in concluding that Mancini did not show a likelihood of success on the merits warranting a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The district court reasonably found that SEIU followed proper procedures in establishing the trusteeship and thus its actions enjoyed a presumption of validity under 29 U.S.C. § 464(c). *Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 313 (9th Cir. 1978). Specifically,

---

[1] The notice of appeal on November 17, 2017, lists the following issues on appeal: 1) the denial of the preliminary injunction in *Garcia*, 2) the grant of defendants' motion to consolidate *Garcia* and *Mancini*, 3) the partial grant of defendants' motion to dismiss in *Mancini*, 4) the partial grant of defendants' motion to dismiss in *Garcia*, 5) the denial of remand to state court in *Garcia* and the motion to reconsider an earlier denial of remand in that case, and 6) the denial of the preliminary injunction in *Mancini*. The first issue is not timely appealed, as the district court denied the motion on June 7, 2017. Plaintiffs make no argument in their briefs for the second through fourth issues, and "arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Hence, we address only issues five and six.

the district court could reasonably conclude that SEIU had the authority to conduct an internal needs hearing. Further, the district court did not abuse its discretion in concluding that the SEIU President reasonably determined that an emergency situation existed and properly extended the deadline for conducting the trusteeship hearing for good cause. There is evidence in the record that SEIU properly held a hearing after it established the emergency trusteeship.

Mancini failed to rebut the presumption of validity with "clear and convincing proof that the trusteeship was not established or maintained in good faith." 29 U.S.C. § 464(c). The district court properly found that the evidence failed to show that the trusteeship was established or maintained for improper purposes, in bad faith, or without due process. *Id.*; 29 U.S.C. § 462. It correctly noted that the breakdown in union governance was a proper reason for the trusteeship, that the ten days of notice for the hearing was sufficient, and that the hearing was full and fair overall. The objectors had an opportunity to make their concerns known, and there was no evidence that the hearing officer was biased.

Nor did the district court abuse its discretion in declining Mancini's request for reinstatement, because there was "some evidence at the disciplinary hearing to support" the disciplinary action. *Int'l Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Hardeman*, 401 U.S.

3

233, 246 (1971).  Although Mancini contends that the SEIU hearing officer's report was insufficient evidence to support her removal, the district court did not err in basing its conclusion on that evidence.

2.	We lack jurisdiction over Garcia's appeal of the denial of the motion to remand and the motion for reconsideration.  Garcia did not file his appeal until November 17, rendering it untimely.  We lack pendent jurisdiction because such jurisdiction exists only where otherwise non-appealable issues are "inextricably intertwined with or necessary to ensure meaningful review of the order properly before us on interlocutory appeal."  *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005) (quoting *Meredith v. Oregon*, 321 F.3d 807, 813 (9th Cir. 2003)) (quotation marks omitted).  That is not the case here because the only issue properly on appeal is the denial of the preliminary injunction in *Mancini*, and the motions to remand and to reconsider in *Garcia* are not "inextricably intertwined" with the preliminary injunction in *Mancini*.

Accordingly, the judgment of the district court is **AFFIRMED**.